**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | 2:03-CR-19(31) |
| | § | |
| CHARLES COATS | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

On July 24, 2008, the court held a hearing on the government's petition (#1097) to revoke supervised release. The government was represented by Assistant United States Attorney Mr. Jim Noble. The defendant was represented by Mr. Wayne Dickey.

Charles Coats was sentenced on July 8, 2004, before the Honorable T. John Ward, United States District Judge for the Eastern District of Texas – Marshall Division, after pleading guilty to the offense of felon in possession of a firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of not more than 10 years. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of II, was 27 to 33 months. Charles Coats was subsequently sentenced to 30 months imprisonment followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare and financial disclosure. On October 17, 2006, Charles Coats completed his period of imprisonment and began service of the supervision term.

On June 23, 2008, the instant petition to revoke was filed. In its petition, the government alleges the defendant violated the following condition:

1) The defendant shall not commit another federal, state, or local crime. Specifically, the government alleges as follows: On October 8, 2007, Charles Coats was arrested for the offense of

possession of a controlled substance. On April 11, 2008, Mr. Coats plead guilty to the offense of possession of a controlled substance, and was subsequently sentenced to 20 years in the Institutional Division of the Texas Department of Corrections.

The court scheduled a revocation hearing for July 24, 2008. At the hearing on the government's petition, and after consenting to the undersigned's taking the plea, the defendant pled true to the allegation set forth above. Based on the defendant's plea of true to this allegation, and with no objection by the defendant or the government, the court found that the defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition.

The court thereafter recommended that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 9 months with no term of supervised release to follow such term of imprisonment. The court further recommends that the defendant be placed by the Bureau of Prisons within its Seagoville, Texas, facility during the period of his confinement. Based on the foregoing, it is

**RECOMMENDED** that the defendant's plea of true to the allegation as set forth in the government's petition be **ACCEPTED**. Based upon the defendant's plea of true to this allegation, it is further recommended that the court find that the defendant violated the conditions of his supervised release. It is further

**RECOMMENDED** that the defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 9 months with no term of supervised release to follow such term of imprisonment. It is further

**RECOMMENDED** that the court request that the Bureau of Prisons place the defendant in

its Seagoville, Texas, facility during the period of his confinement.

During the hearing, each party waived its right to file objections to this report and recommendation.

SIGNED this 5th day of August, 2008.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE